WHITE v. AURIANNE

(January 27, 1930. Opinion and Decree.)
(February 17, 1930. Rehearing Refused.)

H. J. Agregard, Theodore Cotonio and Theodore Cotonio, Jr., of New Orleans, attorneys for plaintiff, appellant.

Merrick, Schwarz, Guste, Barnett & Redmann, of New Orleans, attorneys for defendant, appellee.

JANVIER, J. J. Watkins White, a real estate agent, sues for what he claims is his share of a commission due by Miss Augustine Aurianne, because of services rendered by him in securing the signature of the other party, W. G. Rocquin, to a contract for the sale by Miss Aurianne to Rocquin of one piece of property for $6,000, and the purchase by Miss Aurianne from Rocquin of another piece for $13,000.

The contract is somewhat long, but a proper understanding of the controversy requires that it be here reproduced in full. It reads as follows:

"New Orleans, La., January 26th, 1928.
"Mr. Frank Jordano, Agent, 738 Union St., New Orleans, La.

"I offer and agree to purchase the property known as #7819-21 Burthe St., same being a five room Double Duplex (clear of all encumbrances). With four galvanized garages.

"Measurements of Ground—Frontage 60 feet by depth 120 feet for the sum of Thirteen Thousand and no/100 Dollars ($13,-000.00) on terms of Cash. This offer subject to and predicated upon vendor purchasing my property known as: Lot #12 and rear of Lot #13, Square 760, 75' fronting on Robert St., between Miro and Tonti Sts., bounded by Upperline St., by a depth of 129' 60' in rear for the price and sum of Six Thousand ($6,000.00) Dollars. Subject to a loan of $3,000.00. (Above property to be delivered clear of encroachments.)

"Taxes for current year to be pro-rated.

"Act of sale must be passed at purchaser's expense, before Purchaser's Notary Public, on or before 45 days after date hereof. All proper and necessary certificates to be paid by vendor.

"Purchase subject to existing leases, if any, as follows: Upper Apt., and one garage rented $50.00 per Mo. Lower Apt. with two garages leased to owner at $56.00 per Mo. Extra garage rented at $5.00 per Mo., Without Lease.

"If this offer is accepted, purchaser must deposit with Frank Jordano, Agent, immediately Ten Percent (10%) of each respective amount By Note, as part of the purchase price. This deposit to be non-interest bearing and may be placed in any bank by Agent. In the event that the purchaser does not comply with his agreement to purchase within the time specified, the vendor shall have the right, at his option, to either declare the deposit ipso facto forfeited, without further formality and without the purchaser being put in default, time being the essence of this contract; or the vendor may, at his option, demand specific performance. In the event that the purchaser's deposit is forfeited, the commission of the agent shall be paid out of said deposit, reserving to the vendor of the property the right to proceed against the purchaser for the recovery of the amount of the commission. In the event that the vendor does not comply with his agreement to sell within the time above specified, the purchaser shall have the right, at his option, to either demand the return of his deposit plus a like sum, or specific performance.

"If this offer is accepted and the said deposit is made, vendor agrees to pay agent the commission of
4% on Duplex
4% on Vacant, which is earned on the signing of this agreement and shall not be affected by any subsequent agreement of the

parties hereto, or by the annulment of this contract by any court.

"In the event either the purchaser or vendor, shall fail or refuse to comply with the terms of this offer and agreement, if accepted, and it shall become necessary for any of the parties hereto to employ an attorney to enforce compliance therewith, or to institute or maintain a suit for damages, the party failing or refusing to comply, shall pay, in addition to the Real Estate Agent's commission the fee of the attorney so retained,—to be fixed by the Court—and any and all costs incurred by reason of such suit.

"Possession to be given on passing act of sale.

"I hereby acknowledge having received a copy of this offer.

"This offer is to remain good and irrevocable through January 26th, 1928 at 5 P. M.

"Commissions to be equally divided between the offices of J. W. White Purchaser and Frank Jordano.

"Signature: Frank Jordano (Signed.) "Address: Per M. R. Tucker, per client "Sales Mgr.

"New Orleans, La., Jan. 26, 1928.

"I accept the above offer and agree to all of the terms and conditions herein. I hereby acknowledge having received a copy of this accepted offer, providing I have the privilege of sub. lease #7821 Burthe St. with one garage.

"Signature: W. G. Rocquin "OK W. G. Rocquin Vendor "Address: 7821 Burthe St."

The petition alleges the execution of the contract, that Miss Aurianne refused to carry out its terms, and that plaintiff, J. Watkins White, having been instrumental in securing the signature of Rocquin, is entitled to receive from Miss Aurianne one-half of the total commission of 4 per cent on the two sales.

To this petition defendant filed an ex-

ception of no cause of action based on three different grounds, as follows:

"1. That there was no enforceable contract produced by the broker, the said contract being unenforceable by reason of the clause 'subject to a loan of $3,000.00.'

"2. The petition and contract show that insofar as this defendant is concerned, the only broker in the transaction to whom she would be responsible is Frank. Jordano.

"3. As a condition precedent to the defendant becoming liable to her .agent for commission, the contract provided that the offer must be accepted and the deposit made. There is no allegation in the petition that the required deposit was made."

In answer to the first contention, plaintiff argues that the words, "subject to a loan of $3,000.00," do not necessarily mean that a loan must be obtained, but that they may be interpreted to mean that there is already in existence a loan of $3,000, and that this loan must be assumed, and that, since the words may be so construed, they do not necessarily constitute a potestative condition. He argues that evidence should be heard in explanation of the meaning of the words in question.

He further calls our attention to the following words in the contract:

"If this offer is accepted and the said deposit is made, vendor agrees to pay agent the commission of 4% on duplex, 4% on vacant, which is earned on the signing of this agreement and shall not be affected by any subsequent agreement of the parties hereto, or by the annulment of this contract by any court."

The contention is that plaintiff, having originated the contract, in submitting it to her agent with the clause with reference to

the loan already in it, is in the attitude of saying:

"This contract is acceptable to me, and if you can obtain the signature of the other party, I will pay your commission, whether the contract is enforceable or not, and will take my chances on the other party's consummating the deal."

Both these arguments are ingenious, and we have no doubt would give us considerable food for thought, were it not for the fact that, on the other two grounds raised by the exception of no cause of action, we agree with the exceptor, and, since we believe the suit should be dismissed on these other grounds, the questions which we have just above outlined become moot, and the arduous labors which we might otherwise have had to devote thereto may be reserved for other vexed problems which constantly confront us.

We feel that the second point raised by the exception is well taken, because we are unable to see any relationship, contractual or otherwise, between plaintiff, White, and defendant, Miss Aurianne. The petition itself disclaims any relationship of White as agent when it in article 6 sets forth that:

"Petitioner avers that the said Frank Jordano did not act in the said transaction as a joint agent with Petitioner, but acted exclusively as the agent and representative of the said Miss Augustine Aurianne, Defendant herein."

Since, under the allegations of plaintiff himself, the other agent, Jordano, was the exclusive representative of defendant, it is evident that, if White is entitled to any part of the commission, it must come from Jordano and not from defendant. In the light of the allegations of article 6, set forth above, the provision of the contract to the effect that "commissions to be equally divided between the offices of J. W. White and Frank Jordano" becomes manifestly a separate agreement between the two agents, and is in no way effective against defendant.

The third contention raised by the exception is also well founded, because the contract specifically states that the commissions are due upon the happening of both of two events; i. e., the acceptance of the offer and the making of the deposit. It is alleged that the offer was accepted, but we find no allegation that the deposit was made.

Plaintiff, arguing that we should interpret the contract as requiring that the deposit must be made on the large transaction only, contends that, since defendant was the purchaser in that transaction, she cannot claim that the deposit was not made, because she should have made it herself, and one cannot complain of one's own laches. But we are unable to so interpret the contract, since it very plainly requires a deposit on each transaction. We can find no other meaning for the words, "if this offer is accepted, purchaser must deposit with Frank Jordano, Agent, immediately ten per cent (10%) of each respective amount."

Since the making of the deposit is a condition precedent to the earning of the commission, and since there is no allegation that the deposit was made, we feel that on this ground, as well as on the second one urged, the exception is well founded.

The district court maintained it and dismissed the suit, and, for the reasons given, the judgment appealed from is affirmed.